NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0367n.06

Case No. 20-5706

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 26, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD L. STARGHILL, II, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

BEFORE:  GILMAN, McKEAGUE, and BUSH, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.**  Richard L. Starghill, II, appeals his convictions for possessing firearms as a convicted felon and for possessing a sawed-off shotgun not registered to him in the National Firearms Registration and Transfer Record.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.    BACKGROUND

The events in question took place in Pike County, Kentucky in February 2019.  Ronnie Joe Mullins, a friend of Starghill, had invited Starghill to Mullins's residence.  The following day, other individuals in the residence began arguing and damaging the property, causing Mullins to call the police.  When the police arrived, Kentucky State Trooper Steven Hamilton found Starghill in a bedroom with a handgun "cradled in the bend of his arm."  Trooper Hamilton also observed a sawed-off shotgun "laying underneath [Starghill's] left shoulder."

A federal grand jury indicted Starghill on one count of possessing two firearms as a convicted felon, in violation of 18 U.S.C. § 922(g), and on one count of possessing a sawed-off shotgun (one of the two firearms) that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). Starghill's jury trial began in November 2019, but ended in a mistrial, on Starghill's motion, after the jury deadlocked and a juror was found to have contacted an outside party regarding the case. A second trial also ended in a mistrial, again on Starghill's motion, after a venireman searched the internet for Starghill and publicized the results to other jurors.

In February 2020, Starghill was brought before the court for a third trial. After three hours of deliberations, the jury returned a verdict of guilty on both counts. The district court subsequently sentenced Starghill to a total of 240 months of imprisonment, which was 22 months below the advisory Guidelines range. Starghill timely appealed.

## II.    ANALYSIS

Starghill raises four issues on appeal. First, he contends that the Double Jeopardy Clause barred retrial following the two mistrials. He next claims that the evidence was insufficient to support the convictions. Third, Starghill alleges that the prosecution made improper remarks at closing argument. Finally, he contends that the district court rendered a substantively unreasonable sentence.

### A.    Double jeopardy

The U.S. Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "The Double Jeopardy Clause, however, does not act as an absolute bar to reprosecution in every case." *United States v. Gantley*, 172 F.3d 422, 427 (6th Cir. 1999). "When a mistrial has been declared, reprosecution is generally

permissible if the declaration came at the request or with the acquiescence of the defendant." *United States v. Cameron*, 953 F.2d 240, 243 (6th Cir. 1992) (citing *United States v. Dinitz*, 424 U.S. 600, 607 (1976)). But the Supreme Court has promulgated an exception to this rule "where the prosecutor's actions giving rise to the motion for mistrial were done in order to goad the [defendant] into requesting a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 673 (1982) (alteration in original) (citation and internal quotation marks omitted). We conclude that the Double Jeopardy Clause did not bar Starghill's third trial because (1) he requested the two mistrials, *see Gantley*, 172 F.3d at 427, and (2) neither mistrial involved judicial or prosecutorial impropriety, so the narrow exception set forth in *Kennedy* does not apply.

**B. Sufficiency of the evidence**

Starghill's second challenge relates to the sufficiency of the evidence that supported his convictions. He filed a motion for a judgment of acquittal in the district court, which the court denied. A defendant challenging the sufficiency of the evidence "must surmount a demanding legal standard." *United States v. Potter*, 927 F.3d 446, 453 (6th Cir. 2019). We look to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Starghill contends that there is insufficient evidence to support the possession element of either of the offenses because "the firearms [were] merely . . . located in the same room as [him]." But Trooper Hamilton testified that he found Starghill in Mullins's residence with a handgun cradled in his arm and a sawed-off shotgun laying underneath Starghill's left shoulder. Based on

this evidence, the jury could easily have concluded that Starghill possessed the firearms as alleged.

His sufficiency-of-the-evidence argument therefore fails.

## C.     Prosecutorial misconduct

Starghill's third contention is that the government made improper statements during

closing argument.  Because no objection was raised at trial, we review Starghill's argument under

the plain-error standard.  *See United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001).

Starghill focuses on the following remarks made by the prosecutor during the rebuttal

portion of closing argument:

> Now I want to talk to you about what a reasonable doubt is. Reasonable doubt is a doubt that is reasonable. It's based on facts. It's based on reason. It's based on, as the defense said, common sense.
>
> I'm going to tell you what it's not based on is speculation. Reasonable doubt is not speculation.
>
> I don't know what happened on the 23rd, 24th, 25th, and it doesn't matter. The only thing that matters is what happened in that residence on February 26th, when Trooper Hamilton walked into that bedroom and saw Mr. Starghill with the guns.
>
> It doesn't matter who owned the guns. It doesn't matter who brought the guns into the residence. What matters is who had direct, physical control over the guns, and that person was Mr. Starghill.

Starghill contends that this portion of the closing argument—specifically the portion in which the

prosecutor told the jury that it "doesn't matter" what previously happened in the residence—was

improper because it misstated the law and advised the jury to ignore evidence in the record.

This court has applied "a two-step analysis to determine if alleged prosecutorial

misconduct requires reversal." *United States v. Eaton*, 784 F.3d 298, 309 (6th Cir. 2015).  First,

we determine whether the prosecutorial statements were improper.  *Id.*  If so, then we determine

"whether the improprieties were flagrant such that a reversal is warranted." *Id.* (internal quotation

marks and citation omitted).

The prosecutor's statements were not improper. During closing argument, defense counsel highlighted to the jury that witnesses had seen firearms in Mullins's residence at other times. In rebuttal, the prosecutor appropriately argued that regardless of who might have owned the firearms or who had previously brought them into the residence, that did not change the fact that Starghill possessed the firearms at the time of his arrest. The prosecutor did not argue that the jury was prohibited from considering the surrounding circumstances. Instead, he rebutted defense counsel's position by arguing that those circumstances did not matter under the government's theory of the case—a theory that focused on Starghill's unlawful possession of the firearms on February 26, 2019. And even assuming *arguendo* that these statements were improper, they were not so flagrant as to require reversal under plain-error review.

**D.      Reasonableness of the sentence**

Finally, Starghill contends that the district court imposed a substantively unreasonable sentence. We review challenges to the reasonableness of a sentence under the abuse-of-discretion standard. *United States v. Kamper*, 748 F.3d 728, 739 (6th Cir. 2014).

"A reviewing court will find that a sentence is substantively *unreasonable* where the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Pirosko*, 787 F.3d 358, 372 (6th Cir. 2015) (internal quotation marks and citation omitted) (emphasis and alterations in original). Sentences below the defendant's Guidelines range are presumed to be substantively reasonable. *Id.* at 374.

Here, Starghill's Guidelines range was 262–327 months of imprisonment. The district court varied downward and imposed a 240-month sentence. In reaching this below-Guidelines sentence, the court recognized the seriousness of the crime, Starghill's extensive criminal history,

and Starghill's struggles with addiction. The court also stated that the sentence would "provide [Starghill] with the needed opportunity for correction and some treatment." Starghill has failed to meet his "heavy burden" of showing that the sentence was substantively unreasonable. *See United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013).

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.